

**NUMBER 13-08-00697-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **SAMUEL G. MARTINEZ,** | **Appellant,** |

**v.**

| | |
|---|---|
| **THE STATE OF TEXAS,** | **Appellee.** |

**On appeal from the 28th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Vela
Memorandum Opinion by Chief Justice Valdez**

Appellant, Samuel G. Martinez, was charged by indictment with one count of aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03(a)-(b) (Vernon 2003). After a bench trial, Martinez was convicted of the lesser-included offense of robbery, a second-degree felony. *See id.* § 29.02 (Vernon 2003). The trial court assessed punishment at ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice with no fine.

Martinez's appellate counsel, concluding that "the appeal in this cause is frivolous and without merit," filed an *Anders* brief, in which he reviewed the merits, or lack thereof, of the appeal. We affirm the judgment as modified.[1]

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Martinez's court-appointed appellate counsel has filed a brief with this Court, stating that his review of the record yielded no grounds or error upon which an appeal can be predicated. Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Martinez's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on Martinez, and (3) informed

---

[1] The trial court's judgment indicates that Martinez was convicted of robbery, yet the judgment mistakenly refers to section 29.03 of the penal code—the aggravated robbery statute—instead of section 29.02—the robbery statute. *See* TEX. PENAL CODE ANN. §§ 29.02, 29.03 (Vernon 2003). Because we have the necessary data and evidence for reformation, we modify the trial court's judgment to reflect the correct statute of the offense for which Martinez was convicted—section 29.02 of the penal code. *See id.* § 29.02; *see also* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

Martinez of his right to review the record and to file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. On July 8, 2009, Martinez filed his pro se response with this Court. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, counsel's brief, and Martinez's pro se response and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we modify the judgment to recite that Martinez was convicted of the lesser-included offense of robbery under section 29.02 of the penal code, *see* TEX. PENAL CODE ANN. § 29.02, and we affirm the judgment as modified.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Martinez's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Martinez and advise him of his right to file a petition for discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
25th day of February, 2010.

---

[3] No substitute counsel will be appointed. Should Martinez wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.